IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANA LYDELL SMITH, | **MEMORANDUM DECISION** |
| Plaintiff, | **AND ORDER** |
| vs. | Case No. 2:12-CV-812-DN |
| JUDGE TENA CAMPBELL et al., | District Judge David Nuffer |
| Defendants. | |

Plaintiff, Dana Lydell Smith, an Idaho inmate, filed a civil rights complaint against

several defendants located in Utah.  As discussed below, the Court concludes that Smith must

pay the filing fee before this case can proceed.  The *in forma pauperis* statute allows an indigent

prisoner to file a complaint in federal court without prepaying the filing fee.[1]  But, it also restricts

those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In

relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this
> section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger
> of serious physical injury.[2]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners

seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

The Court is aware that Smith has filed numerous complaints in the United States District

Court for the District of Idaho that were dismissed as frivolous or failing to state a claim upon

---

[1] 28 U.S.C.S. § 1915(a) (2012).

[2] *Id.* § 1915 (g).

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

which relief may be granted.[4] As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[5]

Section 1915(g) applies here because (1) Smith was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed further.

**ORDER**

Smith is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous. Therefore, Smith is **DENIED** leave to proceed without prepayment of fees. (*See* Docket Entry # 1.) He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

2 4 August, 2012.

BY THE COURT:

DAVID NUFFER
United States District Judge

---

[4]*See Smith v. Dist. Court Clerk*, No. 1:08-CV-501-BLW (D. Idaho Feb. 12 2009) (dismissing complaint for failure to state claim upon which relief may be granted and assessing strike); *Smith v. United States Const.*, No. 1:08-CV-307-EJL (D. Idaho Oct. 22, 2008) (same); *Smith v. Idaho*, No. 1:08-CV-219-BLW (D. Idaho June 6, 2008) (dismissing complaint for failure to state claim upon which relief may be granted).

[5]*See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).